UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 995 CDP |
| | ) | |
| ASCENSION LONG-TERM DISABILITY PLAN, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Elizabeth Davidson brings this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*, to recover long-term disability benefits under her employee welfare benefit plan, Ascension Long-Term Disability Plan (Plan). The claims administrator, defendant Sedgwick Claims Management Services, Inc., denied her claim for benefits. Davidson now asks that I permit her to conduct limited discovery outside the administrative record to show Sedgwick's conflict of interest and procedural irregularities in the claims review process. She also asks to conduct discovery in order to complete the administrative record. For the reasons that follow, I will allow Davidson to engage in some limited discovery.

The first step in evaluating a claim under ERISA is determining the appropriate standard of review. When evaluating a challenge to the denial of

benefits, the court conducts *de novo* review unless the plan grants its administrator discretionary authority to determine benefit eligibility or construe terms of the plan. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Janssen v. Minneapolis Auto Dealers Benefit Fund*, 477 F.3d 1109, 1113 (8th Cir. 2006). If a plan gives discretion to a plan administrator, the plan administrator's decision is reviewed under a deferential abuse-of-discretion standard. *Janssen*, 477 F.3d at 1113. A less deferential standard of review may be applied, however, in cases where a claimant has presented "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998).

When reviewing an administrator's benefits decision, a court is generally limited to review of the evidence that was before the administrator when it denied the claim. *Jones v. ReliaStar*, 615 F.3d 941, 945 (8th Cir. 2010). For this reason, courts generally do not allow the parties in ERISA cases to obtain additional discovery. *Atkins v. Prudential Ins. Co.*, 404 Fed. App'x 82, 84-85 (8th Cir. 2010). However, limited discovery may be permitted to determine whether a conflict of interest or procedural irregularity exists. *See Sampson v. Prudential Ins. Co. of America*, No. 4:08CV 1290 CDP, 2009 WL 882407, at *2 (E.D. Mo. March 26, 2009) ("[A] conflict or procedural irregularity cannot be considered in a vacuum.

Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue.") (citing *Glenn*, 554 U.S. at 116-17).

Here, Davidson does not argue that the additional discovery she seeks will necessarily determine that a less deferential standard of review is appropriate in the case, although she avers that it may. Instead, she contends that the discovery is relevant to whether defendants abused their discretion in denying her claim given the procedural irregularities involved and possible conflict of interest. I agree.

In this action, Davidson claims that Sedgwick delegates the decision-making authority regarding disability to an outside medical consulting firm, Dane Street LLC, who reviews medical records and is known to render biased opinions on the ultimate issue of disability. With respect to her own claim for benefits, Davidson alleges that Dane Street's reports show that it conducted a skewed review of the medical evidence and made inconsistent findings and conclusions regarding disability, and that Sedgwick wrongfully relied on these biased reports to deny her benefits. Davidson also contends that Sedgwick itself engaged in an inconsistent pattern of document retrieval and review throughout the administrative process. Davidson avers that both Sedgwick and Dane Street engage in this practice to reduce benefit payouts, thereby satisfying their clients and resulting in increased profits for themselves.

I have reviewed Davidson's proposed discovery requests and will permit her

to engage in limited discovery to the extent relevant to her claims of conflict and/or irregularities in the determination of her claim for benefits. Neither the Plan nor Sedgwick lodge any objection to the requested production of the Administrative Services Agreement for Sedgwick in effect during 2014 and 2015, so I will order this production. Nor do they object to the requested production of documents to explain acronyms, abbreviations, and industry terms used in the claim file. I will order this production as well. With respect to the remaining requests directed to the defendants, I will allow discovery of the following requests by Davidson: (1) request for admissions to Sedgwick set out in Exhibit 1 (ECF #60-2); and (2) interrogatory numbers 3, 4, and 5 to Sedgwick set out in Exhibit 3 (ECF #60-4). Defendants shall have fourteen (14) days from the date of this Order to provide this discovery to Davidson.

Davidson also asks that a third party subpoena be issued to Dane Street for numerous documents, including, *inter alia*, internal communications, compensation statements, instructions, policies, procedures, claim information, notes, and drafts. Much of this requested discovery is excessive, especially in an ERISA case where discovery is limited. I will allow discovery of the following documents, however, involving Dane Street: (1) all agreements between Sedgwick or the Plan and Dane Street in effect at any time from March 10, 2014, through June 16, 2015, concerning record review services; (2) all documents that reflect, in

whole or in part, rules, policies, procedures, or guidance in effect at Dane Street at any time from March 10, 2014, through June 16, 2015, concerning any one or more of the following: (a) performing a record review, (b) preparing a report of a record review, (c) reviewing a report of a record review, (d) editing and/or changing a report of a record review, and (e) addenda and/or follow-up to a report of a record review; and (3) all non-identical copies of reports of Dane Street's record review(s) conducted in connection with Davidson's long-term disability claim, with accompanying drafts – including comments, notes, deletions, additions, markups, edits, and corrections – and report addenda. Davidson shall prepare and propound a third party subpoena to Dane Street LLC forthwith, in accordance with Fed. R. Civ. P. 45.

In all other respects, Davidson's request for discovery appears unnecessary at this time to establish procedural irregularities in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Elizabeth Davidson's Motion for Discovery [59] is granted in part and denied in part as set out in this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2017.